In the Matter of Supplementary Proceedings: CORBIN-KELLOGG AGENCY, INC., Judgment Creditor, *v.* JAMES TASKER, Judgment Debtor.*

County Court, Broome County, February 14, 1936.

*Harry Kantor,* for the judgment creditor.

*Roy M. Page* [*Francis C. Palmer* of counsel], for the judgment debtor.

*Herbert H. Ray,* for Prescott Supply Company and Frank Palmer & Sons, lienors.

MACCLARY, J. On January 30, 1936, an application was made by the judgment creditor to the Broome county judge under the provisions of section 794 of the Civil Practice Act, for an order permitting or directing one Henry Taylor to pay directly to the judgment creditor out of the moneys in his hands owing or belonging to the judgment debtor, a sum not exceeding the amount of the

* Revd., —— App. Div. ——.

judgment and interest of the judgment creditor against the judgment debtor, together with allowed costs and expenses. Such order was granted upon proof by affidavits of the necessary facts required by said section 794. No notice of the application was required or given, and no knowledge had of any controversy between parties as to the application of the funds in the hands of such third party.

Thereupon said order was served on said Taylor and he made a check payable to the judgment creditor or his attorney for the aggregate amount of the judgment costs and expenses, which check has not as yet been presented and paid by the bank upon which it was drawn.

On February 1, 1936, an application was made to the Broome county judge by the judgment debtor for an order to show cause why the previous order should not be vacated and set aside. Such order was granted, and directed the judgment creditor to show cause on the 3d day of February, 1936, at ten A. M. why such previous order should not be vacated and set aside. Said order also contained a provision restraining said Henry Taylor from complying with the terms of such prior order until and after the determination of the show cause proceeding.

That on February 3, 1936, at the hour appointed, the parties appeared as hereinbefore indicated. It was contended by the lienors above mentioned that they and all others who had or might file mechanics' liens had priority rights over the judgment of the judgment creditors to the funds remaining in the hands of said Henry Taylor, inasmuch as such funds represented the balance unpaid the judgment debtor, a contractor who had been given a contract for furnishing the labor and necessary materials in making certain additions and alterations to the building located on the property of said Henry Taylor and that the said lienors having furnished materials which had gone into such building; and further that the amount unpaid on said contract was insufficient to pay in full such lienors and all others who might be entitled to liens thereon together with said judgment, and in case said judgment creditor was paid in full, the funds would be diminished to that extent, and such persons would not be able to get complete payment for the materials and labor furnished for such job.

The question for determination here is, therefore, one of priority of claimants. A careful and thorough examination of the authorities does not disclose any court decision in this State on a similar state of facts, and so it is necessary to form an opinion on the law from a study of the statutes involved and an attempt to interpret the intention of the Legislature which enacted such statutes.

The judgment was rendered December 3, 1935, by a Justice's Court of the town of Vestal, Broome county, N. Y., being for a past due premium on a workman's compensation policy issued to the judgment debtor by the judgment creditor as recording agents for the Coal Merchants Insurance Corporation, an insurance corporation duly authorized and doing business as such in the State of New York. Such insurance of course was issued for and as a protection to the workmen employed by and working for the assured in his business as a contractor, and obviously covered any and all workmen employed by him in the work which he performed for the said Henry Taylor.

On or about the 31st day of December, 1935, pursuant to a certain third party order, under the provisions of section 779 of the Civil Practice Act, the said Henry Taylor was examined before a referee appointed for that purpose, and it was discovered that he had in his hands a sum of money more than sufficient to pay the judgment of the judgment creditor, which was owing to the judgment debtor, for the balance unpaid on his contract for the job being performed by Tasker for said Taylor.

The lienors hereinbefore mentioned were not parties to this proceeding, but on stipulation by the attorney for the judgment creditor are allowed to intervene, and interpose objection or assert their claims. They assert that they, and all other present or future lienors, have a prior right to the money held by Taylor, and that the rights of the judgment creditor thereto are inferior or subordinate. In support of their contention, my attention is called to section 13 of the Lien Law, claiming that by such section the priority of claimants' liens is established. The pertinent part of such section reads as follows: " Priority of liens. (1) A lien for materials furnished or labor performed in the improvement of real property shall have priority over a conveyance, mortgage, judgment or other claim against such property not recorded, docketed or filed at the time of the filing of the notice of such lien, except as hereinafter in this chapter provided."

However, I read that portion of the section to mean that such liens only have priority over a judgment not docketed at the time of the filing of the lien. The judgment was obviously docketed at the time of filing the claimants' liens. In fact, the records of the county clerk's office show that the claimants' liens were not filed until two days after the order under section 794 of the Civil Practice Act was granted. Such records further show that the only lien filed on a date prior to such order was granted, was one in the sum of twenty dollars and sixteen cents filed by Helen E. Florance, and another of seventy-seven dollars filed on the same

day, January 30, 1936, by one Stanley Opalach, neither of which persons have complained or become a party to this proceeding, either by voluntary act or otherwise.

Inasmuch as it appears that the amount Taylor owed Tasker was $639.18, and the aggregate sum due on the judgment was $222.04, in case the said last-mentioned lienors claimed priority over the judgment, and their claims were allowed, no damage could be done them by payment of the judgment, in case no other liens were filed thereafter so as to bring their liens on a parity with any other liens which should be filed.

The claimants further contend that section 36-a of the Lien Law applies, claiming the contractor has by this procedure diverted trust funds in his hands. With this I cannot agree. But even if that might be so, the action would be of a different nature on different grounds and with different interests involved.

Apparently the Legislature expressly intended that laborers for daily or weekly wages should have first claim on funds, for the latter part of subdivision 1 of section 13 reads as follows: " Persons shall have no priority on account of the time of filing their respective notices of liens, but all liens shall be on a parity except as hereinafter in section fifty-six of this chapter provided; and except that in all cases laborers for daily or weekly wages shall have preference over all other claimants under this article."

While the Legislature has at all times attempted to protect the wages of laborers by declaring such wages to be preferred claims in all cases, it has gone further and attempted to protect laborers against accident or occupational diseases by requiring employers to provide workmen's compensation insurance to cover them against loss of time and wages due to such causes if sustained or suffered in the usual course of their employment.

The Workmen's Compensation Law was enacted many years ago and has been broadened, strengthened and amended many times, and only in 1931, by chapter 508, a new section (§ 130) was added which makes judgments obtained by any insurance corporation for premiums and interest charges on account of policies insuring employers against liability under the Workmen's Compensation Law, preferred cla ms in certain specified proceedings, the only other preference being claims for wages, and so it would appear that the legislative intent was to put claims for premiums of insurance which protected laborers next in importance to the wages of such laborers.

While none of the proceedings mentioned in said section 130 have been taken, it was conceded on the argument that the debtor was insolvent. If any such proceedings were taken either vol-

untarily or otherwise, concededly the judgment creditor would have first claim on any funds in the proceeding except claims for wages.

Following this reasoning in the instant proceeding, I conclude that the judgment creditor, who has a judgment for premiums on compensation insurance, has a prior right to the funds in the hands of Taylor belonging to the judgment debtor, subject only to the rights of those lienors who filed their liens prior to docketing of the judgment or possibly prior to the granting of the order under section 794 of the Civil Practice Act.

I, therefore, hold and decide that the motion to vacate the last-mentioned order should be and hereby is denied.

An order carrying out the terms of this decision denying such motion to vacate may be made and entered accordingly.

Submit order for signature.